UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SENEM ISIM ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                              **NO: 24-1664**

**MAYNE PHARMA COMMERCIAL,**                            **SECTION: "H"**
**LLC D/B/A MAYNE PHARMA, INC.**
**ET AL.**

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. § 1332 require complete diversity.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members."[5] And the citizenship of a limited partnership for diversity jurisdiction purposes "is based upon the

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* 28 U.S.C. § 1332.
[3] *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[4] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

citizenship of each of its partners."[6] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."[7] A party's citizenship "cannot be established argumentatively or by mere inference."[8]

In their Complaint, Plaintiffs allege that Defendant Mayne Pharma Commercial, LLC d/b/a Mayne Pharma, Inc. "is a for-profit limited partnership organized under the Laws of North Carolina with its principal place of business in North Carolina . . . . The general partner of Mayne is Mayne Pharma, Inc., a for-profit corporation organized under the laws of North Carolina with its principal place of business in North Carolina[.]"[9] It is unclear from the face of the Complaint whether Defendant Mayne Pharma Commercial, LLC d/b/a Mayne Pharma, Inc. is organized as a limited partnership or limited liability company under the laws of the state of North Carolina.[10] If Defendant is a limited partnership, Plaintiffs do not state the citizenship of every partner; if Defendant is an LLC, Plaintiffs do not state the citizenship of every member. Thus, Plaintiffs have not properly alleged the citizenship of Mayne Pharma Commercial, LLC d/b/a Mayne Pharma, Inc., and the Court cannot determine whether it has jurisdiction over this suit.

---

[6] *Harvey*, 542 F.3d at 1079.
[7] Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).
[8] Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotations marks and footnote omitted).
[9] Doc. 1 at 2.
[10] *See* N.C. GEN. STAT. ANN. § 55D-20(a)(2) (West 2017) ("The name of a limited liability company must contain the words 'limited liability company' or the abbreviation 'L.L.C.' or 'LLC', or the combination 'ltd. liability co.', 'limited liability co.', or 'ltd. liability company'."); *id.* § 55D-20(a)(3) ("The name of a limited partnership that is not a limited liability limited partnership must contain the words 'limited partnership', the abbreviation 'L.P.' or 'LP', or the combination 'ltd. partnership'.").

Plaintiffs' failure to properly allege jurisdiction is not fatal.[11] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[12] A district court's discretion to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[13] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[14] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist."[15] Accordingly, Plaintiffs are granted leave to amend their complaint to allege distinctly and affirmatively the jurisdictional facts that give rise to diversity jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have failed to adequately allege diversity of citizenship. Plaintiffs shall file an amended complaint alleging the citizenship of every partner or member of Defendant Mayne Pharma Commercial, LLC d/b/a Mayne Pharma, Inc. within 10 days from the entry of this Order. Failure to timely amend will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 1st day of July, 2024.

---

[11] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[12] 28 U.S.C. § 1563.
[13] *Whitmire*, 212 F.3d at 888.
[14] *Id.*
[15] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**